DECISION OF DISMISSAL
This matter is before the court on Defendant's request to dismiss Plaintiff's appeal for lack of jurisdiction. The court discussed that request with the parties September 30, 2009. After some discussion, the court announced that it was granting the requested dismissal.
In its Complaint, Plaintiff requested a waiver (exoneration) of all taxes, penalties and interest imposed on certain personal property identified in Defendant's records as Account R2105162, for the 2004-05 tax year. Plaintiffs contend the charges should be waived because the property, which Plaintiffs leased, was disposed of in 2003 (either returned, remarketed or moved out of state) and Plaintiffs, therefore, are not legally responsible for the taxes for the 2004-05 tax year, which had a January 1, 2004, assessment date.
Plaintiffs appealed to this court from a Conference Decision (No. 07-0268) issued by the Oregon Department of Revenue (Department) September 30, 2008. Plaintiffs filed their Complaint with the Tax Court on April 14, 2009, more than six months after the Department issued its decision. In a letter Plaintiffs attached to their Tax Court Complaint, which they titled "Complaint," Plaintiffs indicate that they brought the issue to the attention of the Department, and that "[o]n August 26, 2008, Gregg Thumell[1] (sic) indicated to all parties on a conference call *Page 2 
that the [Department] had no authority to make a decision to exonerate the tax bill." (Compl at 3.)
An appeal from a decision of the Department must be filed with the Tax Court "within 90 days after the * * * determination becomes actually known to the person, but in no event later than one year after the * * * order or determination has been made." ORS 305.280(1). Plaintiffs in this case were aware of the Department's determination in early October 2008, shortly after the Department issued its Conference Decision on September 30, 2008. Their 90-day deadline for appealing to the Tax Court was in early or mid-January 2009. Plaintiffs did not appeal until April 14, 2009, approximately three months after that deadline.
Defendant did indicate during the September 30, 2009, proceeding in this Court, that Plaintiff had provided sufficient evidence to show that one asset included in the tax year 2004-05 assessment of the subject property was taxed by another county, and that it would correct the assessment and tax rolls under ORS 311.205[2] to remove the value of that property. Furthermore, Defendant will make additional corrections to the rolls by removing the value of any other assets improperly taxed, provided Plaintiff can adequately demonstrate that the property was either owned by another taxpayer, shipped to another taxing jurisdiction (i.e., another county either within or outside Oregon), or otherwise not subject to tax. However, there is a limit to the reach of ORS 311.205, and Plaintiffs were advised to promptly forward to Defendant any relevant information regarding the disposition of any of the other disputed assets. *Page 3 
Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted. The Complaint is dismissed.
Dated this ___day of October 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on October 9,2009. The Court filed and entered this document on October 9, 2009.
[1] Gregg Thummel is a conference officer for the Department of Revenue.
[2] All references to the Oregon Revised Statutes are to 2007. *Page 1